■ LERNER ORGANIZATION, INC., Appellant, v CLARIDGE'S COMPANY, Respondent and Third-Party Plaintiff, et al., Third-Party Defendant.—Order, Supreme Court, New York County (Martin Evans, J.), entered September 10, 1984, which, in an action seeking recovery of the unpaid part of a brokerage commission, granted the motion of defendant Claridge's Company to dismiss the complaint, and further granted the motion of the third-party defendant Alaten Company, Inc. to dismiss the third-party complaint, modified, on the law, with costs, to grant partial summary judgment to the plaintiff The Lerner Organization, Inc. for $20,314.75 with interest from August 18, 1982, and to deny defendant's motion for summary judgment dismissing the remaining claim of plaintiff without prejudice to renewal on completion of discovery, and otherwise affirmed.

The plaintiff, The Lerner Organization, Inc. (Lerner), sues to recover two unpaid installments of a brokerage commission that it claims to have earned in connection with a 10-year lease entered into between Claridge's Company (Claridge) and One Hour Photo Inc. (One Hour), which was executed in July 1981 and was to commence on October 5, 1981 and terminate on October 4, 1991.

The brokerage agreement provided that Claridge would pay Lerner

"one full leasing commission in the sum of $60,942.45. Said sum shall be due and payable at the following installment dates:

"(a) $20,314.45 to be paid thirty days after the payment of the second month's rental in accordance with the Lease;

"(b) $20,314.75 to be paid nine months from the commencement date of the lease;

"(c) $20,314.75 to be paid eighteen months from the commencement date of the lease".

Giving rise to the issues presented on this appeal, the brokerage agreement further provided with regard to a default by One Hour in its rental obligations under the lease: "In the event the Tenant cures its default under the Lease and continues to pay rental as and when due pursuant to the Lease, then the commission shall then be deemed due and earned by Broker and payable pursuant to this Agreement. The dates of payment shall then be extended for the time that Tenant was in default under the Lease."

The first installment due under the brokerage agreement was paid. This action is to recover the remaining installments contemplated under the lease, Lerner contending that it became entitled to the second installment on August 18, 1982, when One Hour paid its July rent (and most, but not all, of its August rent) thereby curing a default existing on July 5, 1982, and that it became entitled to a third installment on the date specified in the brokerage agreement when Claridge "assigned" the lease to Alaten Company, Inc. (Alaten).

In its answer Claridge denied that Lerner had earned the second and third installments of the commissions in accordance with the requirements of the brokerage agreement. Claridge also commenced a third-party action against the successor tenant, Alaten, alleging that Alaten would be required to reimburse Claridge for any brokerage commission found due to Lerner because of Alaten's representation in the lease it entered into with Claridge that no broker had been concerned with that lease. Alaten moved pursuant to CPLR 3211 to dismiss the third-party complaint, and Claridge cross-moved for summary judgment dismissing Lerner's complaint.

In its supporting papers Claridge alleged, and the essential facts do not appear to be disputed, that One Hour was late in paying its rent for May and June, failed to pay its July and August rent until August 18, 1982, and thereafter failed to pay rent entirely for September through December 1982; that it obtained a judgment of possession as a result of a summary proceeding commenced because of nonpayment; and that on securing possession, it thereupon delivered the premises to Alaten, with which it had entered into a lease which was to become effective upon such delivery of the premises.

Claridge contended that Lerner's right to the second installment depended not only on One Hour's curing the default existing as of July 5, 1982, but also upon the tenant making a timely payment of the following month's rent. Claridge further contended that it did not assign One Hour's lease to Alaten, but entered into a separate lease with Alaten covering a different period of time and providing for different and higher rental payments.

Special Term granted Claridge's motion for summary judgment dismissing the complaint, concluding that One Hour had defaulted in the payment of its rent and that Lerner had failed to submit evidentiary facts establishing an assignment of One Hour's lease to Alaten. Special Term also granted Alaten's motion to dismiss the third-party complaint.

We modify to deny Claridge's motion for summary judgment dismissing the complaint, and searching the record, conclude that Lerner is entitled to partial summary judgment for $20,314.75, with interest from August 18, 1982, representing the second installment of the brokerage commission provided for in the brokerage agreement. We further modify to deny Claridge's motion for summary judgment with respect to the third installment without prejudice to a renewal of that motion following discovery.

As to the second installment, the critical issue involves construction of that part of the brokerage agreement previously quoted which provided that the commission shall be due and earned by the broker "[i]n the event the Tenant cures its default under the Lease and continues to pay rental as and when due pursuant to the Lease". We find unpersuasive Claridge's contention that the dispositive language required as a condition for payment of the second installment that One Hour was obligated to pay, following its cure of the default existing on July 5, 1982, the following month's rent on time and in accordance with the lease. The agreement does not so provide and we perceive no reasonable basis for the construction urged by Claridge.

Sensibly construed, the quoted language seems to us merely a statement of the principle that after cure of a default by the tenant, Lerner's right to any part of its brokerage commission not yet due depended upon the tenant's continued compliance with its obligations under the lease, a proposition which clearly embraced the possibility that there might be future defaults and that such defaults might be cured. The issue of construction being one of law for the court to decide (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 291), we accordingly grant partial summary judgment to Lerner for the amount due it as the second installment of its commission set forth in the brokerage agreement.

Plaintiff's claim to the third installment is clearly more tenuous. The record is clear that Alaten carried on the same business that had been pursued by One Hour, apparently having secured an assignment of One Hour's franchise, and that a principal in Alaten is related to a principal in One Hour. On the other hand, the record is also clear that Claridge and Alaten entered into a separate lease embracing a different period of time and requiring the payment of higher rentals; that there are principals in Alaten who are unrelated to the principal in One Hour; and, that Claridge had rejected

in correspondence a request by Alaten for assignment of the lease.

Lerner's claim to the final commission ultimately rests upon the theory that what occurred was in effect an assignment of the One Hour lease, which was deliberately structured by Claridge, One Hour and Alaten to avoid payment by Claridge of Lerner's commission. Although it seems improbable that One Hour deliberately defaulted in the payment of its rental obligations resulting in its eviction from the premises as part of a plan to permit Claridge to avoid paying a brokerage commission, and it further appears doubtful that there was a covert payment by Alaten of One Hour's rental obligations under the original lease, we have concluded that the circumstances are marginally sufficient to entitle Lerner to discovery of facts that are entirely within the possession of the defendant before summary judgment may properly be entered dismissing the remaining part of its claim (CPLR 3212 [f]). Concur—Sandler, J. P., Asch, Fein, Milonas and Kassal, JJ.